# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN JERRY STOCKTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21 CV 1120 MTS |
| | ) | |
| JEFFERSON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Nathan Jerry Stockton, an inmate at Jefferson County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until

the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a *certified* copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a *certified* copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S.

519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible,

the district court should construe the plaintiff's complaint in a way that permits his or her claim to

be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.

2015).  However, even self-represented complaints are required to allege facts which, if true, state

a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

*See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts

or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been

pleaded).

### The Complaint

Plaintiff, an inmate at the Jefferson County Jail, filed his complaint on September 13, 2021,

pursuant to 42 U.S.C. § 1983 against the following defendants: Jefferson County Jail; Correctional

Officer Jordan; Shift Supervisor Triplet; Jail Administrator Brenda Short; and Unknown Medical

Staff on Duty March 13, 2021. Plaintiff sues defendants in their individual and official capacities.

 Under plaintiff's "Request for Relief" section, he summarizes his claim as follows:

> I was placed in substantial serious risk to my health and safety by being placed in
> a cell around in blood, not given a shower for the 7 days I was here, and proper
> medical procedure was not done because I had open wound on my hand. Doc. [1]
> at 5.

In an attachment to plaintiff's complaint, he claims that defendants committed "medical

malpractice[1]" and a "violation of his 8th Amendment rights.[2]" Plaintiff asserts that on March 3,

---

[1]Medical malpractice is not actionable under the Eighth Amendment. *Popoalii v. Corr. Med. Servs.,* 512
F.3d 488, 499 (8th Cir. 2008). "For a claim of deliberate indifference, the prisoner must show more than
negligence, more even than gross negligence, and mere disagreement with treatment decisions does not
rise to the level of a constitutional violation." *Id.*

[2]At all relevant times, plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of
the Fourteenth Amendment. *See Morris v. Zefferi,* 601 F.3d 805, 809 (8th Cir. 2010). However, the
Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth
Amendment does to convicted prisoners. *Hartsfield v. Colburn,* 371 F.3d 454, 457 (8th Cir. 2004).
Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate
indifference standard. *See Grayson v. Ross,* 454 F.3d 802, 808 (8th Cir. 2006). *See also Morris v.*

2021, he got into a fight with his cellmate during which time his nose and hand were cut. He complains that after the fight he was removed from his cell.  He claims that although he was permitted to change his clothes, he was not given the opportunity to shower and there was blood in his cell. Plaintiff claims that no blood was drawn from him to check for "cross-contamination, even though the individual he fought with "was known to have Hep-C." Doc. [1-3]. Plaintiff states that he was then placed back into the cell by defendant Jordan. When plaintiff addressed the blood in the cell he was told by Jordan, "This is where you are going." *Id.*

Plaintiff claims that he was kept in "lockdown" in his cell for seven (7) days. He states that he was not allowed out of his cell to shower or file a grievance.[3] He alleges that he "popped the sprinkler to clean the blood." *Id.* He claims, "the cleaning cart had no chemicals on it," and he is very "odd" about blood. *Id.* Presumably, this means plaintiff was provided with cleaning supplies, and plaintiff acknowledges that he had water at hand to clean.

Plaintiff seeks monetary damages in this action.

---

*Cradduck,* 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

[3]To the extent plaintiff is attempting to bring a claim for defendants' failure to allow him to immediately file a grievance, his claim lacks constitutional dimension. An inmate has a liberty interest in the nature of his confinement, but not an interest in the procedures by which the state believes it can best determine how he should be confined. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). As such, "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). *See also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). To that end, a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights").

**Discussion**

**A.  Official Capacity Claims Against Defendants**

Plaintiff's official capacity claims against defendants are subject to dismissal. A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's employer. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Accordingly, a plaintiff suing a public employee in his or her official capacity "sues only the public employer and therefore must establish the municipality's liability for the alleged conduct."  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Plaintiff alleges defendants are employees of the Jefferson County Jail.[4]  Neither a jail nor a sheriff's department is a suable entity under § 1983.  *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001).

Even if Jefferson County was substituted as the employer, the claim still fails. To state a claim against Jefferson County, plaintiff must allege that a policy or custom is responsible for violating his constitutional rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

"Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from

---

[4]Plaintiff also brings this action against the Jail, itself.

among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, the plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, a plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint does not provide any factual allegations to support a municipal liability claim against Jefferson County. A policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin*, 829 F.3d at 700. Plaintiff points to no facts tending to show that a Jefferson County official made

a deliberate choice to institute an official policy that is either unconstitutional on its face or in its implementation.

Plaintiff also has not provided any factual allegations to support the contention that a Jefferson County official violated his constitutional rights due to an unofficial custom. To demonstrate that a municipality has an unofficial custom, plaintiff must show a widespread pattern of misconduct, that policymaking officials were deliberately indifferent to or tacitly authorized the misconduct, and that the custom was the driving force behind the constitutional violation. *Johnson*, 725 F.3d at 828. Plaintiff does not make any specific allegations of widespread misconduct. To the contrary, plaintiff alleges that his treatment was personal.

To establish municipal liability, plaintiff must allege facts showing that the county has an unconstitutional policy, unofficial custom, or has failed to train or supervise its employees. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018).  Plaintiff has not alleged facts regarding any unconstitutional policy, unofficial custom, or failure to train, and has therefore failed to establish the county's liability.   In fact, plaintiff alleges the opposite of an unconstitutional policy by claiming that the violations of his constitutional rights occurred only to him. In other words, plaintiff alleges that the Jail had an appropriate policy, but defendants failed to comply with the policy. Therefore, plaintiff's claims against defendants are subject to dismissal.

### B.  Individual Capacity Claims

Plaintiff's individual capacity claims against defendants are also subject to dismissal.

First, regarding plaintiff's claims of deliberate indifference to medical care, although plaintiff states he did not receive adequate medical treatment, he has not alleged that any of the named defendants were directly involved in or personally responsible for failing to provide him with medical care.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). To state an actionable claim against a defendant, plaintiff must set forth specific factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing).

Plaintiff has failed to allege that he sought medical treatment from any of the named defendants and that they failed to provide him with such treatment.[5] Additionally, although he alleges that there was blood in his cell, he alleges only that he had a cut on his hand and on his nose.  He has not alleged that he had a serious medical need that required treatment. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). And to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

---

[5]Although plaintiff has named Medical Staff on Duty on 3-13-2021 as defendants in this action, he has failed to articulate any allegations against these defendants.

Plaintiff's contention that he should have immediately been tested (by an unnamed) defendant for "cross-contamination" because the individual he fought with "was known to have Hep-C," does not rise to the level of a constitutional violation. According to the Centers for Disease Control, Hepatitis C infections usually do not show up until two to twelve weeks after exposure to the Hepatitis C virus. https://www.cdc.gov/hepatitis/hcv/cfaq.htm. Thus, this also cannot form the basis for a deliberate indifference to his medical needs.

Plaintiff's contentions that he was kept in his cell, with blood on the floor, without a shower for seven (7) days also fails to establish a constitutional violation. First, plaintiff has failed to allege who he believes was responsible. It appears plaintiff was provided with cleaning supplies, and at the very least, he had access to water with which to clean in his cell. Again, plaintiff has failed to indicate which defendant he believes to be responsible for the alleged deprivation of his rights. Further, plaintiff has failed to allege that the conditions in which he was kept amounted to punishment.

The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). To that end, there are two ways to determine whether conditions rise to the level of punishment. *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). First, a plaintiff can show that his or her conditions of confinement were intentionally punitive. *Id*. Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. If conditions are arbitrary or excessive, it can be inferred that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon pretrial detainees. *Id*. "However, not every disability imposed

during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

In determining whether pretrial detention is unconstitutionally punitive, the United States Court of Appeals for the Eighth Circuit has applied the deliberate indifference standard. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) ("To succeed on a claim under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee…must show the defendant official was deliberately indifferent to his rights"). In particular, the Eighth Circuit has explained that this standard is applicable when "the governmental duty to protect at issue…is not based on a pretrial detainee's right to be free from punishment but is grounded in principles of safety and well-being." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To that end, the Eighth Circuit has held "that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Id*. at 345. The length of time an inmate endures an allegedly unconstitutional condition of confinement is a factor in determining whether there has been a constitutional violation.

The Court notes that in another case involving a pretrial detainee's access to a shower, the Eighth Circuit found no constitutional violation where a prisoner was only able to shower fifteen times in six months, including a twenty-eight-day period without a shower. *Scott v. Carpenter*, 24 Fed. App'x. 645, 647-48 (8th Cir. 2001). The alleged time between showers here (approximately a week) is much less than in *Scott v. Carpenter*. Based on this precedent, plaintiff's allegations as currently stated concerning inadequate opportunities to shower, fail to state a § 1983 claim of constitutional dimension.

Based on the afore-mentioned, plaintiff's complaint fails to state a claim upon which relief may be granted. This matter will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of February, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE